United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAROLINE NAUFAHU,

        Plaintiff(s),

vs.

BOARD OF TRUSTEES, SAN MATEO COMMUNITY COLLEGE DISTRICT, et al.,

        Defendant(s).
                                                     /

Civ. No. 10-00462 MHP

**ORDER DISMISSING COMPLAINT AND DENYING IN FORMA PAUPERIS FILING**

       Plaintiff has filed this complaint alleging claims of discrimination of various forms under the federal civil rights laws. She names as defendants the San Mateo Community College District, its Chancellor, President and other officers, deans and faculty. It appears that her claims relate to employment, but it is not clear whether she was employed by defendant District or was seeking employment. The nature of her claims are not generally of a type recognized by the employment or other civil rights laws since they primarily involve failure to include plaintiff in meetings or disputes among students and failure to include certain classes in the College's curriculum.

       Plaintiff does not allege that she has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") nor does she allege that she has applied for and been denied employment, been terminated from employment or had any other adverse action taken against her in the context of her employment. Her relationship to the District is unclear. Plaintiff

also fails to allege under what federal statutes or constitutional provisions she brings her claims. For all the troubles she has incurred she seeks "$80 Millions".

Furthermore, the complaint in this case is somewhat incomprehensible. Despite the recitation of a list of violations and offenses there is nothing that tells the court the nature of each, the status of plaintiff with respect to the school, or how the claims come within protected coverage under a federal statute or a constitutional provision. Plaintiff provides no short and plain statement of any claim or a statement as to what relief she may be entitled to under federal law. In sum, plaintiff states no basis for a cognizable federal claim.

The district court may deny in forma pauperis status and dismiss a complaint sua sponte if federal subject matter jurisdiction is lacking or if the complaint is frivolous. See 28 U.S.C. §1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989)(found to be superseded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory), see, e.g., Lopez v. G.A.Smith, 203 F.3d 1122, 1126 (9thCir.2000); Cruz v. Gomez, I/O, 202 F.3d 593, 596 (2dCir.2000).

Where a complaint fails to state "any [specific] constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Pursuant to 28 U.S.C. section 1915(e)(2) dismissal is mandatory, see Cruz v. Gomez, 202 F.3d at 596, where there is no basis in law for the claims asserted. Merely mentioning the Constitution for federal civil rights laws without more is not sufficient to support a complaint. If the pro se plaintiff can cure the factual allegations in order to state a claim, the court may give him or her leave to do so. However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice. See Cato v. United States, 70 F.3d at 1106.

2

The court fails to see how plaintiff could state any claim that would amount to a plausible claim or one over which the court would have jurisdiction.

Therefore, the application to file in forma pauperis is DENIED and the complaint is DISMISSED. If plaintiff wishes to file an amended complaint, she should inquire at the Clerk's Office of this court about services of the Pro Se Legal Assistant who may be able to help her.

The Clerk of Court shall close the file.

IT IS SO ORDERED.

Date: February 17, 2010

MARILYN HALL PATEL
United States District Court Judge